IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LARRY LECLERE                                                          PETITIONER

v.                                          NO.  5:04CV00026 GH/JFF

LARRY NORRIS, Director,
Arkansas Department of Correction                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District

Court Judge George Howard, Jr.  Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no

later than eleven (11) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party.  Failure to file timely objections may result

in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

Following a jury trial in Pulaski County Circuit Court in August of 1998, Petitioner was convicted of criminal attempt to commit rape, burglary, and terroristic threatening

in the first degree. He was sentenced to consecutive terms of imprisonment totaling

fifty-six (56) years.  Petitioner appealed to the Arkansas Court of Appeals.  For reversal,

he argued that the circuit court erred in denying his motion to dismiss the prosecution

on the basis that he was denied his right to a speedy trial under the Arkansas speedy

trial rules and that circuit court erred in denying his motion for a mistrial when the

prosecutor made allegedly prejudicial remarks during closing argument.  On appeal, the

State did not argue the merits of Petitioner's speedy trial claim, but argued only that the

argument could not be considered because Petitioner did not abstract an August 11,

1998 hearing on Petitioner's motion to dismiss the prosecution on speedy trial grounds.

The Court of Appeals found that it could not conclude that a hearing was held, relying

on Petitioner's counsel's assertion that no hearing had been held.   Accordingly, the

Court of Appeals addressed the merits of Petitioner's speedy trial argument.  The Court

held that Petitioner was denied a speedy trial under the Arkansas speedy trial rules[1]

and reversed his convictions and dismissed the case. LeClere v. State, CACR 99-294,

2000 Ark. App. LEXIS 45 (Ark. App. Jan. 26, 2000).  In so holding, the Court of Appeals

found that the period of time between the trial court's acceptance on March 16, 1998,

of the reported results of a mental examination performed on Petitioner and the trial

date setting of July 1, 1998, was not excludable.  The Court of Appeals did not address

Petitioner's argument that the trial court erred in denying his motion for a mistrial.

After the opinion was issued, the State filed a motion to supplement the record

with a transcript of the August 11, 1998 hearing.  The Court of Appeals granted the

---

[1]    Ark. R. Crim. P. 28.1(c) & Ark. R. Crim. P. 28.2(a).

motion.  The State also filed a petition for rehearing, asserting that the decision of the Court of Appeals was based on a material mistake of fact when it concluded that a hearing had not been held. On May 10, 2000, the Court of Appeals granted the State's petition for rehearing and issued a substituted opinion affirming Petitioner's convictions. LeClere v. State, CACR 99-294 (Ark. App. May 10, 2000). The Court of Appeals concluded that it could not address Petitioner's speedy trial argument because Petitioner failed to abstract the August 11, 1998 hearing on Petitioner's motion to dismiss.  In so concluding, the Court also found that Petitioner failed to bring up a record of the August 11 hearing.   The Court of Appeals rejected Petitioner's argument that the trial court erred in denying his motion for mistrial when the prosecutor made allegedly prejudicial remarks during closing argument.

Petitioner subsequently filed a timely post-conviction petition in circuit court pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure alleging that counsel was ineffective on direct appeal for failing to preserve the speedy trial issue for appellate review. In an order filed on May 1, 2001, the circuit court found that Petitioner's argument was without merit and denied his Rule 37 petition.   Petitioner appealed from this order to the Arkansas Supreme Court.  For reversal, Petitioner argued that counsel was ineffective on direct appeal for failing to abstract the August 11, 1998, hearing on Petitioner's motion to dismiss the prosecution on speedy trial grounds.  In considering whether Petitioner suffered prejudice under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), the Arkansas Supreme Court examined the merits of Petitioner's speedy trial claim. The Court determined that Petitioner's right to a speedy trial under the Arkansas speedy trial rules was not

violated, finding, contrary to the finding of the Arkansas Court of Appeals in its initial opinion on direct appeal, that the period of time between the trial court's acceptance of the mental examination findings on March 16, 1998, and the trial date setting of July 1, 1998, was excludable.   The Arkansas Supreme Court, therefore, concluded that Petitioner had not shown that his speedy trial claim would have been sustained on appeal had counsel not procedurally defaulted the claim and, accordingly, that Petitioner had failed to establish the prejudice prong of <u>Strickland</u>.   Accordingly, the Supreme Court affirmed the denial of Rule 37 relief.   <u>LeClere v. State</u>, CR 01-1276, 2003 Ark. LEXIS 7 (Ark. Sup. Ct. Jan. 9, 2003).

On January 21, 2004, Petitioner, who is represented by counsel, filed his § 2254 petition in this Court.   Petitioner has raised the following grounds for relief:

> 1.      "The trial court erred in denying his motion to dismiss the prosecution on grounds that he was denied his right to a speedy trial, a constitutionally protected right, as set forth in the Arkansas Rules of Criminal Procedure 28.1-28.3"; and
>
> 2.      Counsel was ineffective on direct appeal for:
>
>> a.      failing to abstract the August 11, 1998 hearing on Petitioner's motion to dismiss the prosecution on the basis that he was denied the right to a speedy trial; and
>>
>> b.      failing to ensure that a transcript of the testimony and exhibits related to August 11, 1998, hearing were included in the record on appeal.

The Magistrate Judge construes Petitioner's speedy trial claim (Claim 1) as alleging both (1) a violation of his right to a speedy trial under the Sixth Amendment, the constitutional provision governing the right to a speedy trial, and (2) a violation of

his right to a speedy trial under the Arkansas speedy trial rules. The Respondent asserts that Petitioner's constitutional speedy trial claim is procedurally barred.  A district court is ordinarily precluded from substantively considering any claim that a petitioner has failed to "fairly present" to the highest state court. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir.), cert. denied, 540 U.S. 870 (2003); Trevino v. Dahm, 2 F.3d 829, 831 (8th Cir. 1993).  "A claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." Wemark, 322 F.3d at 1021 (quoting Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996)).  Even if the factual foundation underlying the federal habeas claim parallels the petitioner's allegations in state court, the fairly presented requirement is not satisfied unless the petitioner presented the same federal legal theories in state court that he is raising in federal court. Wyldes v. Hundley, 69 F.3d 247, 252 (8th Cir. 1995), cert. denied, 517 U.S. 1172 (1996). "The federal legal theory or theories must plainly appear on the face of the petitioner's state court briefs." Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994). In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." Myre v. State of Iowa, 53 F.3d 199, 200-01 (8th Cir. 1995) (quoting Kelly v. Trickey, 844 F.2d 557, 558 (8th Cir. 1988)); Ford v. Norris, 364 F.3d 916, 919 (8th Cir. 2004); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997); Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir.), cert. denied, 528 U.S. 846

(1999). <u>See also</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court").  "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." <u>Barrett</u>, 169 F.3d at 1161-62.

Where the petitioner has failed to fairly present his claims to the highest state court, the claims are procedurally defaulted, and a federal district court cannot consider them unless the petitioner can demonstrate cause for the default and actual prejudice, or show actual innocence. <u>Wemark</u>, 322 F.3d at 1021-22.  The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  At a minimum, a petitioner must show that something "*external* to [him], something that cannot be fairly attributed to him," caused the procedural default. <u>Ivy v. Caspari</u>, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991)).  For example, a showing that the factual or legal basis for the claim was not reasonably available to counsel, that some interference by officials made compliance impracticable, or that counsel's performance was constitutionally ineffective under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), would constitute factors external to the defense and cause for a procedural default. <u>Coleman</u>, 501 U.S. at 753.  However, a claim of ineffectiveness of counsel must be "'presented to the state courts as an independent claim before it may be used to

establish cause for a procedural default.'" Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003) (quoting Murray v. Carrier, 477 U.S. at 479); Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002).   Where a prisoner has no constitutional right to an attorney, such as in state post-conviction proceedings, any attorney error that led to default cannot constitute cause to excuse the default in federal court. Coleman, 501 U.S. at 757; Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998).

A narrow exception to the cause and prejudice standard exists where the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. at 496.  To meet the actual innocence standard, a petitioner must present new reliable evidence not presented at trial and demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup v. Delo,  513 U.S. 298, 324, 327 (1995); Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir.), cert. denied, 534 U.S. 963 (2001); Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995).

On direct appeal to the Arkansas Court of Appeals, Petitioner argued that the circuit court erred in denying his motion to dismiss the prosecution on the basis that he was denied his right to a speedy trial under the Arkansas speedy trial rules.  In the argument section of his brief on the speedy trial issue, Petitioner did not refer to the Sixth Amendment nor cite a federal or state case addressing a defendant's Sixth Amendment right to a speedy trial.  He simply cited the Arkansas Rules of Criminal Procedure governing speedy trial and state cases addressing violations of the right to

a speedy trial under the Arkansas speedy trial rules.  A claim that a defendant's right to a speedy trial under state speedy trial rules was violated is not a claim that the defendant's constitutional right to a speedy trial was violated. See Poe v. Caspari, 39 F.3d 204, 207 (8th Cir.), cert. denied, 514 U.S. 1024 (1995).  Determination of a Sixth Amendment speedy trial claim involves a broader inquiry, requiring a court to consider four factors: (1) the length of delay, (2) the reason for the delay, (3) whether the defendant asserted his or her speedy trial right, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003).  In addressing Petitioner's speedy trial claim, the Arkansas Court of Appeals did not consider the third and fourth factors, and it limited its analysis to whether Petitioner's right to a speedy trial under the Arkansas speedy trial rules was violated.  In conclusion, the Magistrate Judge finds that Petitioner did not fairly present in state court his claim that his Sixth Amendment right to a speedy trial was violated and that this claim is procedurally defaulted.

The Respondent has not argued that Claim 2(b), in which Petitioner argues that counsel was ineffective on direct appeal for failing to ensure that a transcript of the testimony and exhibits related to the August 11, 1998, hearing were included in the record on appeal, is procedurally barred.  Nevertheless, the Magistrate Judge finds that Petitioner has procedurally defaulted Claim 2(b) by failing to present the claim to the Arkansas Supreme Court in his brief on appeal from the denial of Rule 37 relief.   The issue of procedural default may be raised *sua sponte.* King v. Kemna, 266 F.3d 816, 821-22 (8th Cir. 2001), cert. denied, 535 U.S. 934 (2002); Hardiman v. Reynolds, 971

F.2d 500, 503-05 (10th Cir. 1992); <u>Yeatts v. Angelone</u>, 166 F.3d 255, 261-62 (4th Cir.),

<u>cert. denied</u>, 526 U.S. 1095 (1999); <u>Oakes v. United States</u>, 400 F.3d 92, 96-97 (1st Cir.

2005).

By an order filed on May 17, 2005, this Court directed Petitioner to inform the

Court, by June 15, 2005, why the following claims should not be dismissed as

procedurally barred: Petitioner's claim that his Sixth Amendment right to a speedy trial

was violated and his claim that counsel was ineffective on direct appeal for failing to

ensure that a transcript of the testimony and exhibits related to the August 11, 1998

hearing were included in the record on appeal.  Petitioner has not responded to this

order.

The Magistrate Judge finds that Petitioner has not shown cause for his

procedural default or actual prejudice.  Furthermore, he has not presented new reliable

evidence demonstrating his actual innocence. Accordingly, the Magistrate Judge

recommends that the following claims be dismissed as procedurally barred: Petitioner's

claim that his Sixth Amendment right to a speedy trial was violated and his claim that

counsel was ineffective on direct appeal for failing to ensure that a transcript of the

testimony and exhibits related to August 11, 1998 hearing were included in the record

on appeal.

Petitioner also alleges that he was denied the right to a speedy trial under the

Arkansas speedy trial rules.  This claim is not cognizable in a habeas corpus petition.

<u>Poe v. Caspari</u>, 39 F.3d at 207 (violation of "state speedy trial law, taken alone, does

not present a federal claim reviewable on habeas corpus").

In Claim 2(a), Petitioner contends that counsel was ineffective on direct appeal for failing to abstract the August 11, 1998 hearing on Petitioner's motion to dismiss the prosecution on the basis that he was denied the right to a speedy trial.  The Arkansas Supreme Court rejected this claim on the merits in Petitioner's appeal from the denial of Rule 37 relief.

This Court's review of state court decisions is governed by 28 U.S.C. § 2254. A federal court cannot grant habeas relief on any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Brown v. Luebbers, 371 F.3d 458, 460 (8th Cir. 2004), cert. denied, 125 S. Ct. 1397 (2005); Johnston v. Luebbers, 288 F.3d 1048, 1051 (8th Cir. 2002), cert. denied, 537 U.S. 1166 (2003).  "A state court decision is 'contrary to' clearly established federal law if the rule applied by the state court directly contradicts Supreme Court precedent or if the state court reached a result opposite a result reached by the Supreme Court on 'materially indistinguishable' facts." Johnston, 288 F.3d at 1051 (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)). "A state court decision involves an unreasonable application of Supreme Court precedent if it correctly identifies the governing legal rules but unreasonably applies them to the facts of the prisoner's case." Ford v. Bowersox, 256 F.3d 783, 786 (8th Cir.), cert. denied, 534

U.S. 1068 (2001) (citing <u>Williams v. Taylor</u>, 529 U.S. at 407). "The focus under the unreasonable application test is 'whether the state court's application of clearly established federal law is objectively unreasonable.'" <u>Hoon v. Iowa</u>, 313 F.3d 1058, 1061 (8th Cir. 2002) (quoting <u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002)). "Finally, a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." <u>Lomholt v. Iowa</u>, 327 F.3d 748, 752 (8th Cir.), <u>cert. denied</u>, 540 U.S. 1059 (2003).

The clearly established law to be applied in this case is found in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To prove ineffective assistance of appellate counsel under <u>Strickland</u>, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that there is a reasonable probability, but for counsel's deficient performance, the result of his direct appeal would have been different. <u>Williams v. Kemna</u>, 311 F.3d 895, 897-98 (8th Cir. 2002).

In affirming the denial of Rule 37 relief, the Arkansas Supreme Court rejected Petitioner's claim that counsel was ineffective on direct appeal for failing to abstract the August 11, 1998 hearing on Petitioner's motion to dismiss the prosecution on speedy trial grounds.   In considering whether Petitioner suffered prejudice under the standard set forth in <u>Strickland v. Washington</u>, the Arkansas Supreme Court examined the merits of Petitioner's speedy trial claim. The Court determined that Petitioner's right to a speedy trial under the Arkansas speedy trial rules was not violated, finding that the

period of time between the trial court's acceptance of the mental examination findings on March 16, 1998, and the trial date setting of July 1, 1998, was excludable. In so finding, the Supreme Court relied on two Arkansas Supreme Court cases holding that in cases where there is an excludable delay, the excludable period ends on the date of the setting of a new trial date: Osborn v. State, 340 Ark. 444, 446, 11 S.W.3d 528, 529-30 (2000), and Strickland v. State, 331 Ark. 402, 405-08, 962 S.W.2d 769, 771-73 (1998).[2]  The Arkansas Supreme Court, therefore, concluded Petitioner had not shown that his speedy trial claim would have been sustained on appeal had counsel not procedurally defaulted the claim and, accordingly, that he had failed to establish the prejudice prong of Strickland.  In so concluding, the Supreme Court rejected Petitioner's argument that the January 26, 2000 decision of the Court of Appeals sustaining Petitioner's speedy trial claim proved that he was prejudiced and that the Supreme Court was bound by that decision as law of the case.  The Supreme Court found, *inter alia*, that the doctrine of law of the case did not apply because the Court of Appeals' initial January 26, 2000 opinion was substituted with its May 10, 2000 opinion and that, therefore, the original opinion was no longer in effect.

The Magistrate Judge finds that Petitioner has not shown that the Arkansas Supreme Court's adjudication of his claim that counsel was ineffective on direct for

---

[2]  As noted previously, in its initial opinion, the Arkansas Court of Appeals, in holding that Petitioner was denied a speedy trial under the Arkansas speedy trial rules, concluded that the period of time between the trial court's acceptance of the mental examination findings on March 16, 1998, and the trial date setting of July 1, 1998, was not excludable. The Court of Appeals did not mention Osborn or Strickland in its opinion.

failing to abstract the August 11, 1998 hearing on Petitioner's motion to dismiss the prosecution on speedy trial grounds directly contradicts United States Supreme Court precedent or that the Arkansas Supreme Court reached a result opposite a result reached by the United States Supreme Court on materially indistinguishable facts.  The Magistrate Judge further finds that Petitioner has not demonstrated that the Arkansas Supreme Court unreasonably applied the rules of <u>Strickland</u> to his case.  Interpreting Arkansas speedy trial law, the Arkansas Supreme Court concluded that Petitioner's right to a speedy trial under the Arkansas speedy trial rules was not violated and that, therefore, Petitioner failed to meet the prejudice prong of <u>Strickland</u>. This Court is bound by the Arkansas Supreme Court's interpretation of its speedy trial law. <u>See</u> <u>Hall v. Iowa</u>, 1992 U.S. App. LEXIS 19773 at  3 (8th Cir. July 10, 1992) (a federal appellate court is bound by a state court's interpretation of its speedy trial rule); <u>Missouri v. Hunter</u>, 459 U.S. 359, 368 (1983) (the United States Supreme Court is bound by a state appellate court's construction of its own statutes); <u>Hair v. Lockhart</u>, 734 F.2d 390, 391 (8th Cir.) (a federal appellate court is bound by a state appellate court's finding that two offenses are distinct offenses for double jeopardy purposes),  <u>cert. denied</u>, 469 U.S. 865 (1984); <u>Schleeper v. Groose</u>, 36 F.3d 735, 737 (8th Cir. 1994) (a federal appellate court "may not re-examine a state court's interpretation and application of state law"); <u>Pinero v. Verdini</u>, 295 F. Supp. 2d 184, 187-88 (D. Mass. 2003) (a district court must accept a state court's interpretation of state law regarding whether an offense is a lesser included offense of another offense). While some jurists might disagree with the Arkansas Supreme Court's application of <u>Strickland</u>'s prejudice prong to Petitioner's case, the Magistrate Judge cannot say that the Arkansas Supreme Court

unreasonably applied the prong in determining that because Petitioner's speedy trial claim was without merit, he failed to show prejudice as a result of counsel's failure to preserve the speedy trial issue for appellate review. The Magistrate Judge also finds that the Arkansas Supreme Court acted reasonably in rejecting Petitioner's argument that the January 26, 2000 decision of the Court of Appeals sustaining Petitioner's speedy trial claim proved that he was prejudiced and that the Supreme Court was bound by that decision as law of the case.[3] The Supreme Court correctly found that the doctrine of law of the case does not apply because the January 26, 2000 opinion was substituted with the May 10, 2000 opinion and, therefore, the original opinion was no longer in effect.

Finally, the Magistrate Judge finds that Petitioner has not presented clear and convincing evidence showing that the Arkansas Supreme Court's presumptively correct factual findings do not enjoy support in the record. In conclusion, the Magistrate Judge recommends that Petitioner's claim that counsel was ineffective on direct appeal failing to abstract the August 11, 1998 hearing be dismissed with prejudice.[4]

---

[3]   Even if counsel had abstracted the August 11, 1998 hearing and the Court of Appeals had ruled in Petitioner's favor on his speedy trial claim, the appeal would not have been final. The State likely would have filed a petition for review by the Arkansas Supreme Court, Nelson v. State, 350 Ark. 311, 86 S.W.3d 909 (2002), and the Supreme Court would have reversed the decision of the Court of Appeals and determined, as it did in affirming the denial of Rule 37 relief, that Petitioner's right to a speedy trial under the Arkansas speedy trial rules was not violated.

[4]   It should be noted that if habeas relief were granted to Petitioner on his ineffective assistance of counsel claim, the relief would be a direct appeal to the Arkansas Court of Appeals for consideration of his state speedy trial claim on the merits. The Court of Appeals would follow the Arkansas Supreme Court's determination that Petitioner's right to a speedy trial under the Arkansas speedy trial rules was not violated.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice.

Dated this 24th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE